# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PRAKAZREL MICHEL (1),<br>Defendant. | Criminal No. 19-148-1 (CKK) |

# ORDER
(October 14, 2022)

Pending before the Court are several motions in limine. First, in its [155] Trial Brief, the Government moves to exclude: (1) arguments of selective or vindictive prosecution; (2) arguments regarding enforcement of other FARA actions; (3) evidence of Defendant Michel's prior good acts; (4) references to the consequences of conviction; (5) Defendant Michel's proffered expert testimony; and (6) evidence of certain witnesses' prior acts. The Government also moves the Court to hold admissible certain business records to be admitted with a custodian's certificate pursuant to Fed. R. Evid. 902. Defendant Michel asks the Court to hold in abeyance the Government's first, second, fourth, and fifth requests. The record is sufficiently clear as to the Government's first, second, and fourth requests, and they are **GRANTED**. The Government's fifth request is **HELD IN ABEYANCE** pending a forthcoming Daubert hearing. As the Government's remaining requests have not been opposed,[1] they are **GRANTED**.

Second, Defendant Michel has moved in limine to: (1) exclude testimony from witness George Higginbotham as subject to the attorney-client privilege between Higginbotham and Defendant Michel; and (2) exclude any mention of investigations into Defendant Low's alleged

---

[1] Had Defendant opposed these requests, the Court would agree that such arguments may not be made to the jury.

1

graft of 1MDB, a Malaysian development bank. Because Defendant Michel has indicated that he intends to mount an advice-of-counsel defense, the Court has denied his first motion in limine without prejudice as moot by separate order. Finally, as the investigation into Defendant Low's alleged theft of Malaysian state funds is highly relevant to at least one of the charged conspiracies, the Court shall **DENY** Defendant Michel's second request.[2]

### A. Legal Standard

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). "Pretrial motions *in limine* are an important mechanism to effectuate th[e] goal of insulating the jury from inadmissible evidence and further the purpose of the rules, generally, to administer the proceedings 'fairly . . . to the end of ascertaining the truth and securing a just determination.'" *United States v. Ausby*, 436 F. Supp. 3d 134, 145 (D.D.C. 2019) (quoting Fed. R. Evid. 102). Although evidentiary questions are sometimes better left for trial, *see United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 175 (D.D.C. 2015) (BAH), courts of this jurisdiction generally favor pretrial resolution of evidentiary issues because, in part, pretrial resolution "permits counsel to make [] necessary strategic determinations," *see United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980). *See also* Wright & Miller, Fed. Prac. & Proc. § 5042 (West 2022) (the motion in limine "remains a favorite method for satisfying" the ends of the Federal Rules of Evidence).

---

[2] Before continuing, the Court pauses to assume the reader's familiarity with this criminal matter. For background, the Court refers the reader to *United States v. Michel*, Crim. A. No. 19-148-1 (CKK), 2022 WL 4119774 (D.D.C. Sept. 9, 2022) and *United States v. Michel*, Crim. A. No. 19-148-1 (CKK), 2022 WL 4182342 (D.D.C. Sept. 13, 2022).

## B. Selective or Vindictive Prosecution and Other FARA Prosecutions

First, the Government moves to exclude any argument or testimony alleging that the Government has selectively or vindictively prosecuted Defendant. It is unclear why Defendant thinks this request is best left for trial. Both arguments are entirely legal and exclusively for the Court. *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1985) (selective prosecution); *United States v. Safavian*, Crim. A. No. 05-370 (PLF), 2008 WL 525534, at *1 (D.D.C. Dec. 12, 2008) (vindictive prosecution). Although these arguments might make potent fodder for jury nullification, "[s]uch verdicts are lawless, a denial of due process[,] and constitute an exercise of erroneously seized power." *Washington*, 705 F.2d at 495. Similarly, wholly legal arguments that other FARA prosecutions somehow render *this* criminal matter constitutionally offensive heave no relevance to facts at issue and are, at best, an effort to secure a nullification verdict. Now that the Court has already resolved these claims in favor of the Government as a matter of law, Defendant is precluded from presenting them at trial.

## C. Prior Good Acts

The Government also moves to exclude character testimony via evidence of prior "good acts." Pursuant to Federal Rule of Evidence 405(b), a defendant may not use "specific instances of [his] conduct" to prove good character unless the case is one "in which character or a trait of character is an essential element of a charge, claim, or defense." *United States v. Brown*, 503 F. Supp. 2d 239, 241 (D.D.C. 2007) (CKK). In criminal cases, it is generally only in the context of an entrapment defense where specific good acts go to an "essential element" because an entrapment defense puts squarely at issue propensity to commit the charged act. *See id.* at 242. *Cf. also United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (in entrapment defense, affirming exclusion of evidence of police commendations because they did not bear on officer-

3

defendant's "predisposition to engage in the corrupt [and fraudulent] criminal activity" charged). Here, Defendant Michel intends to offer evidence of "a raft of charitable, humanitarian[,] and political activity." ECF No. 167 at 3.

Although the Government has charged various types of fraud, these charges nevertheless do not put Defendant's purported generosity or even law-abidingness at issue. *Cf. United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (in check fraud, affirming exclusion of evidence that defendant did not fraudulently cash certain other checks). As one commentator explains, "in a fraud case, a character witness . . . cannot testify that the defendant returned a wallet full of money to a person who had dropped it on the street. Specific acts are admissible to prove character only when character is an element of the claim, charge or defense." Stephen A. Salzburg *et al.*, *Federal Rules of Evidence Manual* § 405.02[4] (12th ed. 2009). Because generosity and law-abidingness are not essential elements of a fraud prosecution or any defense thus far proffered, Defendant Michel may not put forth evidence of the specific acts he has identified.

**D. 1MDB**

Although somewhat difficult to parse, Defendant seems to request that the Court exclude *any* testimony, argument, or evidence regarding 1MDB.[3] Defendant evidently thinks any mention of 1MDB irrelevant, overly prejudicial, and lacking in foundation. Not so. As an initial matter, one of the three conspiracies revolves entirely around an illicit effort to persuade the President of the United States and his Administration to drop criminal investigations into Low's alleged graft of 1MDB. Superseding Indictment at 26-27. The existence of the 1MDB investigations and

---

[3] By styling his motion as such, the Court assumes Defendant seeks such broad relief. If, as Defendant seems to suggest in his briefing, Defendant requests the Court exclude any evidence or argument by the Government that Michel himself "had anything to do with any alleged theft of funds" from 1MDB, ECF No. 159 at 4, the Government has represented that it does not intend to offer any such testimony or argument, ECF No. 162 at 3.

4

proceedings goes squarely to the manner of that conspiracy, the conspiracy's ends, and Michel's motive in accepting money from Low and putting that money towards overt acts in furtherance of the conspiracy. The mere existence of the investigation and related proceedings needs no foundation; indeed, it is judicially noticeable. *See Fain v. Islamic Repub. of Iran*, 856 F. Supp. 2d 109, 115 (D.D.C. 2012) ("courts [may] take judicial notice of court records in related proceedings"). Nor can it be said that discussion of the investigation and related proceedings would be irrelevant. *See United States v. Lieu*, 963 F.3d 122, 128 (D.C. Cir. 2020) (noting low barrier for relevance pursuant to Federal Rule of Evidence 401).

Even were the investigation's existence and Michel's knowledge thereof of limited probative value—they are not—"[i]n a conspiracy prosecution, the government is [often] allowed considerable leeway in offering evidence of other offenses to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000). The Court sees no reason to depart from this sound principle here. To the extent that Defendant is concerned that the jury might inappropriately (and incorrectly) assume that Defendant assisted Low in defrauding 1MDB, the Court will, if necessary, fashion an appropriate limiting instruction at trial. *See United States v. Gartmon*, 146 F.3d 1015, 1024 (D.C. Cir. 1998) (noting curative effects of limiting instruction in Rule 403 context).

### E. Conclusion

For the foregoing reasons, it is hereby

**ORDERED**, that Government's evidentiary requests in its [155] Trial Brief are **GRANTED IN PART AND HELD IN ABEYANCE IN PART**. It is further

**ORDERED**, that Defendant Michel's [159] Motion in Limine Precluding the Government from Introducing any Evidence[] or Testimony Related to 1MDB is **DENIED**. It is further

**SO ORDERED.**

Dated: October 14, 2022

                                                                /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge