# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>PRAKAZREL MICHEL,<br><br>  Defendant. | Criminal Action No. 19-148-1 (CKK) |

## ORDER
(March 30, 2023)

Before opening statements on March 30, 2023, the parties both made representations regarding the Court's *in limine* ruling regarding the extent to which Defendant may argue that furthering American interests is not, as a matter of law, acting as a foreign agent within the meaning of 22 U.S.C. § 612 ("FARA") and 18 U.S.C. § 951. It appears neither party fully and accurately characterized the Court's prior ruling. The Court clarified its prior ruling before opening statements today, March 30, 2023, and further clarifies it in this order.

In the relevant order, the Court concluded that "motive [does not] go to the conduct proscribed by 18 U.S.C. § 951 or FARA." ECF No. 237. For this proposition, the Court cited *United States v. Angwang*, Crim. A. No. 20-442 (EK), 2022 WL 3223187, at *2 n.2 (E.D.N.Y. Aug. 8, 2022). In other words, a defendant's subjective understanding that they furthered American interests at the direction of a foreign principal or government, or even objectively furthered American interests, does not bear on the conduct criminalized by the two statutes: acting on behalf of a foreign principal or government. *See id.*; *cf. also United States v. Chaoqun*, Crim. A. No. 18-611, 2023 WL 112576, at *2 (N.D. Ill. Jan. 5, 2023).

The Court agreed with these two cases. Neither the Court nor the jury is equipped to evaluate the merits of a particular foreign policy set by the Executive, in whom foreign policy is exclusively vested by Article II, and a subjective understanding of the merits of one's conduct goes to state of mind, but not conduct. As such, the Court permitted the defense to argue that Mr. Michel did not act willfully or knowingly because he subjectively understood himself to be furthering American interests. In other words, the Court permitted the following argument: because Mr. Michel believed that he was acting in furtherance of American interests, he (1) did not know he was acting at the direction of a foreign principal or foreign agent and/or (2) he did not know he was first required to register with the Attorney General as 22 U.S.C. § 612 requires. Additionally, the defense may certainly argue that Mr. Michel was never acting under the influence or control of a foreign principal or foreign government. *See Angwang*, 2022 WL 3223187 at *2.

The Court reiterates that it made this *in limine* ruling based on the papers before it. The defense has yet to discuss or cite any case law regarding 18 U.S.C. § 951 or 22 U.S.C. § 612, and it has devoted very little briefing to the statutes themselves. To the extent the defense intends the Court to revisit this ruling, it must offer specific argument regarding the authority on which the Court relied and must cite additional legal authority. Although criminal violations of FARA rarely go to trial, there is legal authority on the question, and the Court expects the parties to marshal authority in support of their arguments. The parties are encouraged to read the Court's orders closely.

**SO ORDERED**.

Dated: March 30, 2023

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge