IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                            ) | Crim. No. 1:19-cr-148 |
| ) | |
| PRAKAZREL MICHEL              ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR BAIL PENDING APPEAL**

On November 20, 2025, the defendant, Prakazrel Michel, was sentenced to 168 months in prison for his litany of crimes, and is set to report to prison on January 27, 2026. He is now appealing his convictions, ECF No. 407, and is seeking to remain free on bail pending that appeal, ECF No. 409 ("Def. Mot."). The defendant, however, cannot meet his burden to rebut the applicable presumption of detention. In his effort to justify bail, he regurgitates numerous arguments that already have been litigated extensively through post-trial motions and hearings, and which this Court has rejected categorically, across the board. Consequently, more than six years after being indicted and more than two years after a jury convicted him of all 10 charged counts, the defendant should begin his custodial term while his appeal proceeds through the normal course. The Court, therefore, should deny the defendant's motion.

**ARGUMENT**

**I.  Legal Standard**

The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal. *See United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1987) (per curiam) ("The law has shifted from a presumption of release to a presumption of valid conviction."). A defendant seeking release bears the burden of showing (1) through clear and convincing evidence that he is not likely to flee or pose a danger to the community; and (2) the appeal is not for delay and raises

1

a substantial question of law or fact likely to result in a reversal, a new trial on all counts of conviction, or a sentence that does not include a term of imprisonment or is less than the time served plus the expected appeal duration.  18 U.S.C. § 3143(b)(1)(A)–(B).

Regarding the second element, a defendant must make two independent showings:  (1) his appeal raises a "substantial question of law or fact," and, if so, (2) the question is "likely to result in reversal of all counts on which imprisonment is imposed."  *Perholtz*, 836 F.2d at 557; *see Morison v. United States*, 486 U.S. 1306, 1306 (1988) (Rehnquist, C.J., in chambers) (holding that "regardless of whether [the defendant] has raised a 'substantial question' with respect to the propriety of his conviction under the Espionage Act, he has not done so with respect to his conviction for theft of Government property under § 641," and, therefore, he "has not shown that his appeal is 'likely to result in reversal' with respect to all the counts for which imprisonment was imposed"); *United States v. Green*, 166 F.3d 349, at *1 (10th Cir. 1998) (unpublished) (relying on *Morison*, *supra*).

Consistent with a strong majority of the courts of appeals, the D.C. Circuit has adopted a "more demanding standard . . . for determining substantiality" that requires a defendant to show "a close question or one that very well could be decided the other way."  *Perholtz*, 836 F.2d at 556 & n.2 (citing cases from First, Second, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits) (internal quotation marks omitted).  This demanding standard "accord[s] with the expressed congressional intent to increase the required showing on the part of the defendant."  *Id.* at 555-56.  Accordingly, judges of this Court have routinely denied requests for release on bond pending appeal, recognizing that a person who is found guilty of a federal offense and sentenced to a term of imprisonment should begin serving that sentence notwithstanding the filing of an appeal of the conviction or sentence.  *See United States v. Lutamila*, No. 20-24, 2022 WL 16744904, at *1

(D.D.C. Nov. 7, 2022) (denying motion for release pending appeal under more demanding *Perholtz* standard); *United States v. Abou-Khatwa*, No. 18-67, 2022 WL 278770, at \*\*2-3 (D.D.C. Jan. 31 2022) (same); *United States v. Han*, No. 15-142, 2018 WL 6573453, at \*1 (D.D.C. Dec. 13, 2018) (same); *United States v. Adams*, 200 F. Supp. 3d 141, 144 (D.D.C. 2016); *United States v. Davis*, 664 F. Supp. 2d 86, 89-93 (D.D.C. 2009) (holding that defendant failed to demonstrate substantial question of law or fact and also posed a flight risk); *United States v. Keleta*, 534 F. Supp. 2d 106, 107-09 (D.D.C. 2008) (citing *Perholtz* standard and denying motion for release pending appeal); *United States v. Turner*, 531 F. Supp. 2d 123, 126, 131 (D.D.C. 2008) (same); *United States v. Libby*, 498 F. Supp. 2d 1, 3, 20-21 (D.D.C. 2007) (defendant bears burden of rebutting presumption of valid conviction); *United States v. Day*, 433 F. Supp. 2d 54, 55 (D.D.C. 2006) (applying *Perholtz*).

## II.   The Defendant Fails to Present a Substantial Question that Sufficiently Overcomes the Presumption of Detention

The statutory presumption against release and the absence of any meritorious questions of law or fact related to his convictions doom the defendant's request to delay his sentence. Specifically, all of the defendant's arguments in support of his motion for bail were briefed and litigated extensively as part of post-trial motions and hearings, and all of those arguments have been thoroughly and properly rejected by this Court. For the sake of brevity and efficiency, the government relies upon and incorporates its arguments in opposition to the defendant's motions for a new trial and judgment of acquittal, *see* ECF Nos. 320 (government's opposition to defendant's motion for judgment of acquittal), 321 (government's opposition to defendant's motion for new trial), 351 (government's supplemental response to motion for judgment of acquittal) & 353 (government's reply to defendant's opposition to government's supplemental response); and the Court's orders and opinions denying those motions, *see* ECF Nos. 355 (opinion

3

denying motion for judgment of acquittal) & 371 (opinion denying motion for new trial). Moreover, by virtue of his conviction on 10 counts resulting in an aggregated 14-year sentence, there is no risk that the defendant will serve his entire custodial term during the duration of his appeal.

### 1. This Court Properly Handled and Instructed the Jury Regarding Judicial Rulings

The defendant argues, as he did in his motion for a new trial, that he suffered prejudice at trial because (1) the jury heard that a grand jury judge found probable cause to believe that the defendant conspired with his former attorney, thereby resulting in a crime-fraud order, Def. Mot. at 6-8; and (2) this Court referenced "co-conspirator statements" when ruling on routine objections during trial, *id.* at 9-10. These issues do not raise a substantial question warranting release pending appeal, as demonstrated by the Court's prior rulings rejecting these same issues. Regarding references to the crime-fraud ruling, defense counsel opened the door to that issue during his direct examination of a government agent and, moreover, this Court later provided a curative instruction to the jury ensuring no undue or residual prejudice. *See* ECF No. 371 (opinion denying motion for new trial, or "New Trial Op.") at 11-16. Regarding references to co-conspirator statements, this Court properly advised the jury on multiple occasions to disregard any comments made by the Court—including within the context of routine evidentiary rulings during which those references were made—and further advised the jury properly on how it could consider co-conspirator statements. *See id.* at 16-21.

### 2. Agent Heuchling's Testimony Did Not Prejudice the Defendant

The defendant argues, as he did in his motion for a new trial, that plain error occurred when FBI Special Agent Robert Heuchling testified about the defendant's "guilt" and provided overview testimony. Def. Mot. at 10-15. This issue does not raise a substantial question warranting release pending appeal. As this Court observed, defense counsel did not object to the disputed portions of Agent Heuchling's testimony at trial, and to the extent any testimony was inappropriate, it was harmless given the overwhelming nature and volume of admissible evidence proving the defendant's guilt, including the testimony of two cooperating co-conspirators and numerous other witnesses, written communications between co-conspirators, contracts/agreements and other documentary evidence, and—notably—the defendant's own admissions at trial. *See* New Trial Op. at 21-38; *see also United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985) ("substantial question" standard "has generally been read to mean that if error is found, it must not be harmless or unprejudicial error").

### 3. Trial Counsel Provided Effective Assistance of Counsel

The defendant argues, as he did in his motion for a new trial, that his counsel at trial was ineffective in several ways. Def. Mot. at 15-22. This issue does not raise a substantial question warranting release pending appeal. In addition to extensive briefing, this Court also held an evidentiary hearing to address the defendant's myriad claims of ineffective assistance. Ultimately, the Court concluded that the same grounds on which the defendant relies for present purposes— as well as other grounds seemingly abandoned here (*e.g.*, former counsel's use of an artificial intelligence program and alleged conflicts of interest)—did not constitute constitutionally ineffective assistance of counsel. *See* New Trial Op. at 38-75. In particular, this Court properly found that trial counsel's performance was not deficient—let alone prejudicial—with respect to

5

closing argument, knowledge of the relevant statutes, use of contract attorneys, cross-examination, his decision to not seek severance, his handling of certain objections and lines of testimony, and his preparation of the defendant to testify at trial.[1]  *See id.*[2]

### 4. Evidence at Trial Sufficiently Proved that Jho Low Conspired to Violate Federal Campaign Finance Laws

The defendant argues, as he did in his motion for judgment of acquittal, that he could not be convicted of conspiring to violate campaign finance laws where—in the defendant's account—his co-conspirator, Jho Low, had not actually conspired. Def. Mot. at 23-25.  This issue does not raise a substantial question warranting release pending appeal.  For one thing, the defendant misconstrues and ignores the trial record.  As this Court noted when previously rejecting this argument, the evidence at trial demonstrated that Low sought to contribute to President Obama's reelection campaign and secure a personal audience with the President; the defendant received money from Low and used it for contributions; the co-conspirators were aware of the prohibition against foreign contributions; and they attempted to conceal Low as the true source of the funds. *See* ECF No. 355 (opinion denying defendant's motion for judgment of acquittal, or "MJOA Op.") at 4-10.  Moreover, while the defendant may disagree with the import of the evidence presented at trial and the jury's understanding and interpretation of that evidence, none of his apprehensions negates the reasonable inferences drawn by the jury or otherwise raises a substantial question justifying release, especially given the deference that is owed to the jury's verdict on appeal. *See*

---

[1] Although the Court found that trial counsel erroneously failed to object to certain statements made by Agent Heuchling, those failures were harmless given the overwhelming and corroborative nature of the evidence on whole.  New Trial Op. at 60.

[2] The defendant also argues that even if the aforementioned errors and issues individually do not raise a substantial question, they do in the aggregate.  Def. Mot. at 23.  But this Court addressed and correctly rejected this argument when ruling on the defendant's motion for a new trial. *See* New Trial Op. at 75-77.

*United States v. Brown*, 125 F.4th 1186, 1195 (D.C. Cir. 2025) (explaining that appellate review "is highly deferential to the jury's decision," requires appellate court to draft all "reasonable inferences . . . in the light most favorable to the verdict," and "gives[s] full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact") (citations and internal quotation marks omitted).

### 5. 18 U.S.C. § 1014 Criminalizes the Defendant's False Statements Made to Financial Institutions

The defendant argues, as he did in his motion for judgment of acquittal, that his conviction for making false statements to FDIC-insured banks cannot stand because his false statements did not endanger bank funds or deposits and were unrelated to a loan or disbursement of funds. Def. Mot. at 25-28. This issue does not raise a substantial question warranting release pending appeal. As this Court noted in rejecting this argument the first time, application of 18 U.S.C. § 1014 beyond the lending context is supported both by a plain reading of the statute and a majority of circuit decisions. *See* MJOA Op. at 48-52. In addition, this Court essentially addressed and rejected this argument a second time, following supplemental briefing and a forfeiture hearing, when it imposed an order of forfeiture totaling more than $64 million. *See* ECF No. 400 (preliminary order of forfeiture imposing money judgment).

### 6. Evidence at Trial Sufficiently Proved that the Defendant Caused Political Committees to Submit False Reports to the FEC by Perpetrating a Conduit Scheme

The defendant argues, as he did in his motion for judgment of acquittal, that the evidence at trial did not sufficiently support his convictions for causing false statements to be made to the FEC by unwitting political committees. *See* Def. Mot. at 28-30. This issue does not raise a substantial question warranting release pending appeal. The defendant's arguments ignore

applicable case law and seek to improperly relitigate the jury's factual findings, all as highlighted by this Court when it previously denied these arguments. *See* MJOA Op. at 10-14, 17-20.

### 7. Evidence at Trial Sufficiently Proved that the Defendant Lied to the FEC When He Misrepresented and Concealed the True Source of Political Contributions

The defendant argues, as he did in his motion for judgment of acquittal, that the evidence at trial did not sufficiently prove that he lied to the FEC about the true source of political contributions he made to a particular political committee. Def. Mot. at 31-32. This issue does not raise a substantial question warranting release pending appeal. The defendant's argument ignores the fact that the true source of the contributions was Jho Low and that the defendant hid that fact from the FEC when addressing a specific inquiry about the funds' true source. This Court, having already rejected this argument, correctly recognized both the scope and breadth of the relevant statute, 18 U.S.C. § 1519, and the reasonable findings of fact that the jury was entitled to make considering the trial evidence. *See* MJOA Op. at 14-17.

### 8. Evidence at Trial Sufficiently Proved that the Defendant Served as an Agent of a Foreign Government

The defendant argues, as he did in his motion for judgment of acquittal, that the evidence at trial did not sufficiently prove that he served as an agent of the People's Republic of China (PRC) rather than simply an agent of Jho Low. Def. Mot. at 32-35. This issue does not raise a substantial question warranting release pending appeal. The defendant mischaracterizes the import of the evidence and the reasonable inferences that the jury was entitled to, and did, draw from that evidence. For example, by the defendant's own admissions at trial, he met with and agreed to help a PRC government official, orchestrated a meeting between his co-conspirator and the Chinese embassy, and met with an FBI agent to address the PRC official's objectives. This Court detailed

this evidence and more—including the relevant testimony of the defendant's co-conspirators—in its previous opinion denying this argument. *See* MJOA Op. at 20-27.

### 9. Evidence at Trial Sufficiently Proved that the Defendant Violated FARA

The defendant argues, as he did in his motion for judgment of acquittal, that he did not violate the Foreign Agents Registration Act (FARA) because he had no duty to register and did not aid and abet his co-conspirator, Elliott Broidy, in his failure to register. Def. Mot. at 35-37. This issue does not raise a substantial question warranting release pending appeal. The defendant's argument is belied by the factual record at trial, including the desires of and efforts by the defendant and his co-conspirators to conceal their foreign agency, all as painstakingly outlined by this Court when it initially rejected this argument. *See* MJOA Op. at 28-35.

### 10. Evidence at Trial Sufficiently Proved that the Defendant Committed the Criminal Objects of Count Seven

The defendant argues, as he did in his motion for judgment of acquittal, that the evidence at trial was insufficient to prove the multi-object conspiracy in Count Seven. Def. Mot. at 37-41. Specifically, he claims that no evidence demonstrated that he and his co-conspirators agreed to violate FARA or 18 U.S.C. § 951, or that he distributed Low's funds to pay for unregistered lobbying. *Id.* In addition, the defendant claims that (1) no concealment money laundering occurred because the financial transactions as charged involved payments for, and not proceeds from, the defendant's scheme, and (2) the FARA object fails because the defendant could not have conspired with the foreign principal, Jho Low. *Id.* at 41-42. These issues do not raise a substantial question warranting release pending appeal.

First, this Court, having previously rejected these arguments, detailed the trial evidence that sufficiently proved all four of Count Seven's objects, *i.e.*, FARA, § 951, and promotional and concealment money laundering. *See* MJOA Op. at 35-45. Once again, the defendant cannot

9

manufacture a substantial question simply by disagreeing with and challenging the jury's fact finding. Second, as this Court already has explained, there is no merger issue in this case between the FARA and the concealment money laundering offenses because, for example, Low sent money to the defendant in support of the FARA scheme, and then the defendant and his co-conspirators laundered the money through Colfax Law Firm to conceal Low as the funds' source. *See id.* at 43-45. Lastly, this Court correctly held that even assuming *arguendo* the FARA object was invalid, harmless error occurred because substantial evidence proved beyond a reasonable doubt that the defendant conspired with others—apart from Low—to violate FARA. *See id.* at 45-48. The defendant's attempt to undermine this Court's ruling on this issue by suggesting misapplication of the relevant standard is unavailing, as the Court cited to the very precedents and legal standard— harmless beyond a reasonable doubt—that the defendant invokes. *See id.*

## **CONCLUSION**

Detention is presumed for a validly convicted defendant pending appeal. And that certainly is true here, where the defendant was convicted of 10 criminal offenses, more than two years ago, resulting in a 14-year sentence. The defendant has not satisfied his burden to overcome this presumption of detention, and he should begin his custodial term as ordered.[3] For these reasons, the defendant's motion should be denied.

//

//

//

---

[3] The defendant requests in the alternative that, if his motion for release is denied, this Court postpone his surrender date of January 27, 2026, to allow the D.C. Circuit to consider his application for bail pending appeal. Def. Mot. at 42-43. The government has no objection to a short delay of the defendant's surrender date to permit for orderly bail litigation in the court of appeals.

    Respectfully submitted,

    EDWARD P. SULLIVAN
    Acting Chief, Public Integrity Section
    U.S. Department of Justice


By: */s/ Sean F. Mulryne*
    Sean F. Mulryne
    Nicole Lockhart
    Trial Attorneys
    1301 New York Ave., NW
    Washington, DC 20530
    Telephone:  202-514-1412
    Facsimile:   202-514-3003
    sean.mulryne@usdoj.gov
    nicole.lockhart@usdoj.gov

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve counsel for the Defendant via electronic notification.

Dated: January 2, 2026                                                         */s/ Sean F. Mulryne*
                                                                                                        Sean F. Mulryne